UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN CORRIGAN and SHERI BEMENT, )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>COVIDIEN LP, et al., )<br>)<br>    Defendants. ) | Civil Action No. 22-10220-DJC |

ORDER ON DEFENDANTS' EMERGENCY MOTION FOR A PROTECTIVE ORDER
[Docket No. 49]

January 9, 2024

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, defendants Covidien LP, Covidien Sales LLC, Covidien Holding Inc., and Medtronic, Inc. (collectively "Covidien") have moved for a protective order to prevent plaintiffs Brian Corrigan and Sheri Bement (collectively "Plaintiffs") from deposing two of Covidien's employees.[1] Docket No. 49. For the following reasons, this Court denies the motion.

I.  FACTUAL AND PROCEDURAL BACKGROUND

    A.  Covidien

Covidien is involved in the designing, testing, manufacturing, distribution, sales, marketing, regulatory management, and services for "the specific surgical stapler at issue in this suit . . . the Covidien Medtronic EEA31, which is part of the EEA (End-to-End Anastomosis) staples with DST (Directional Stapling Technology Series line" ("EEA31 stapler"). Docket No. 4 ¶¶ 4–7, 19. Surgical staplers are medical devices commonly used in a variety of surgeries and

---

[1] Judge Casper referred the instant motion to the undersigned on November 8, 2023. Docket No. 50.

have a primary function of delivering staples to cut through and seal tissue. Id. ¶¶ 12–15.

B. The Incident

On February 14, 2019, Corrigan underwent a procedure during which the surgeon used Covidien's product, the EEA31 stapler. Id. ¶¶ 2, 19, 95. Approximately three days after Corrigan's procedure, he experienced complications allegedly because the stapler used during the procedure failed to completely seal the tissue. Id. ¶¶ 96–97. The complications led to Corrigan having to wear an ostomy pouch to hold his bowel contents while the damaged tissue healed. Id. More than a year later, on September 21, 2020, Corrigan experienced further complications and underwent additional surgery, resulting in a nine-day hospital stay. Id. ¶ 102.

Plaintiffs allege that Covidien knew that surgical staplers had a history of malfunction. Id. ¶¶ 20–35. They contend that Covidien knew or should have known that by 2001, surgical stapler malfunctions had caused 112 deaths, 2,180 injuries, and 22,804 adverse events. Id. ¶ 20. Plaintiffs also allege that Covidien misused the Food and Drug Administration's ("FDA") Alternative Summary Reporting Program ("ASRP"), thereby causing a dangerous deficit in knowledge for surgeons using staplers. Id. ¶¶ 44–51. The FDA created the ASRP to reduce duplicative paperwork and allow certain medical device manufacturers to submit quarterly reports privately for certain "well-known" and "well-characterized" incidences of device malfunction, rather than publicly reporting each incident to the Manufacturer and User Facility Device Experience Database ("MAUDE Database"). Id. ¶¶ 23, 45.

Plaintiffs allege that during the eight years prior to Corrigan's surgery, Covidien reported surgical stapler malfunction privately through the ASRP but under-reported malfunctions to the MAUDE Database to boost the marketability of surgical staplers and increase their profit. Id. ¶¶ 46–51. Because surgeons use the publicly available information in the MAUDE Database, Plaintiffs allege that the surgeons received incomplete data from which to inform their opinions

on surgical staplers. Id. ¶¶ 36–43.[2] The FDA stopped offering the ASRP to medical device manufacturers in 2019 because of issues of misuse. Id. ¶ 24.

In March 2019, the FDA issued a letter to healthcare providers regarding problems with surgical staplers. Id. ¶ 62. On October 8, 2021, the FDA reclassified surgical staplers from Class I medical devices to Class II medical devices, which required manufacturers to provide "premarket notification and allow the FDA to establish mandatory special controls to help mitigate known risks of the device." Id. ¶¶ 63–72.

C. The Proposed Deponents

Thomas Hessler is an engineer who works on the design of certain surgical stapling products, including the EEA31 stapler. Docket Nos. 49 at 3; 54 at 3. Plaintiffs maintain that he is knowledgeable about the quality control systems of the EEA family of staplers. Docket No. 54 at 3. Covidien asserts that Hessler has no responsibility for interactions with the FDA or adverse event reporting. Docket No. 49 at 3.

Paul Worthen "works with Covidien's post-market vigilance team and assists with complaints related to surgical stapling devices." Id. at 4.

D. The Lawsuit

On February 10, 2022, Plaintiffs filed suit against Covidien. Docket No. 1. On March 15, 2022, Plaintiffs filed an amended complaint alleging breach of warranty for defective manufacture, design, and failure to warn, negligence, negligent misrepresentation, loss of consortium, and unfair and deceptive trade practices in violation of M.G.L. c. 93A. Docket No. 4. On May 17, 2022, Covidien filed a motion to dismiss, which Judge Casper granted in part and

---

[2] Plaintiffs also cite to an April 2018 recall by Covidien of two other surgical staplers that they claim are substantially similar to the EEA31 stapler used in Corrigan's surgery. Docket No. 4 ¶¶ 74-75.

denied in part on November 21, 2022. Docket Nos. 9, 22. Specifically, Judge Casper dismissed Plaintiffs' claims for breach of warranty for defective manufacture and design and the portion of their negligence claim that alleged negligent design and manufacture. Docket No. 22 at 18. Plaintiffs' claims for breach of warranty (only as to failure to warn), negligence (only as to the negligent failure to warn), negligent misrepresentation, loss of consortium (only to the extent that the other underlying claims survive), and violation of Chapter 93A remain. Id.

Covidien filed the instant motion on November 7, 2023, and Plaintiffs filed an opposition on November 13, 2023. Docket Nos. 49, 54. This Court heard oral argument on November 21, 2023.

## II.  STANDARD OF REVIEW

"Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information." Cartel Asset Mgmt. v. Ocwen Fin. Corp., No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *9 (D. Colo. Feb. 8, 2010) (citing United States ex rel. Schwartz v. TRW, Inc., 211 F.R.D. 388, 392 (C.D. Cal. 2002)). Rule 26(b) dictates the scope and limits of permissible discovery. Fed. R. Civ. P. 26(b)(1).

Rule 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). Rule 26 "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co v. Rhinehart, 467 U.S. 20, 36 (1984).

III.     DISCUSSION[3]

Covidien requests a protective order preventing the depositions of Hessler and Worthen. Docket No. 49. It asserts that the only claims remaining in this case concern "whether Covidien's use of the FDA's [ASRP] resulted in improper warnings to Corrigan's surgeon regarding the EEA 31mm surgical stapler." Id. at 1. Therefore, Covidien argues that the depositions of Hessler and Worthen would produce irrelevant or duplicative information.[4] Id. at 1, 2. Specifically, Covidien contends that (1) Hessler "has no knowledge of Covidien's use of the FDA's ASR program or Covidien's alleged failure to warn physicians"; and (2) Worthen's deposition testimony will be duplicative of that provided by Covidiens' corporate representative. Id. at 3-4.

A.     Hessler's Deposition

Plaintiffs allege that Covidien failed to provide end users, such as Corrigan's surgeon, and patients like Corrigan with sufficient warnings or instructions to "reasonably avoid any hidden dangers" associated with the EEA31 stapler. Docket No. 4 ¶ 122.

The same standard applies when considering claims for negligent failure to warn and claims for failure to warn under breach of warranty, namely, "the reasonableness of the defendant's actions in the circumstances." Hoffman v. Houghton Chem. Corp., 434 Mass. 624, 637 (2001). "[A] manufacturer of a product, which the manufacturer knows or should know is dangerous by nature or is in a dangerous condition, is under a duty to give warning of those dangers to persons who it is foreseeable will come in contact with, and consequently be

---

[3] Covidien cursorily asserts that Plaintiffs did not subpoena the witnesses to appear for their depositions as required by the Rules. Docket No. 49 at 2. It does not, however, provide any additional argument. Accordingly, the issue is waived. See Schram v. PMC Ins. Agency, Inc., No. CV 20-10307-GAO, 2023 WL 1433420, at *17 (D. Mass. Feb. 1, 2023) (citing Diaz-Colon v. Fuentes-Agostini, 786 F.3d 144, 149 (1st Cir. 2015)) (additional citation omitted).
[4] Covidien also asserts that Plaintiffs are on a fishing expedition to obtain information regarding the EEA 31mm stapler's manufacturing and design despite the dismissal of such claims. Docket No. 49 at 3, n.1.

endangered by, that product." Plourde v. Sorin Group United States, 517 F. Supp. 3d 76, 88 (D. Mass. 2021) (quoting MacDonald v. Ortho Pharm. Corp., 394 Mass. 131, 135 (1985)) (internal quotation marks omitted). "It is not required that the product be negligently designed or manufactured; the failure to warn [consumers] of hazards associated with foreseeable uses of a product is itself negligence . . . ." Taupier v. Davol, Inc., 490 F. Supp. 3d 430, 446-47 (D. Mass. 2020) (alteration in original) (citation and internal quotation marks omitted).

In cases involving medical device manufacturers, Massachusetts courts apply the learned intermediary doctrine under which a manufacturer's duty to warn runs to the physician, not the patient. Plourde, 517 F. Supp. 3d at 88-89. "The plaintiff carries the initial burden of producing sufficient evidence that the defendant manufacturer failed to warn of a non-obvious risk about which the manufacturer knew or should have known . . . ." Engren v. Johnson & Johnson, Inc., No. CV 21-10333-RGS, 2021 WL 4255296, at *3 (D. Mass. Sept. 17, 2021) (alteration in original) (citation and internal quotation marks omitted).

To determine whether the plaintiff has met her burden, despite the imposition of the learned intermediary rule, courts consider, inter alia, "description[s] of the warnings and instructions that [defendants] provided or should have provided to her healthcare providers." Id. at *4 (second alteration in original) (citation and internal quotation marks omitted); see also Langlois v. Am. Med. Sys., Inc., 462 F. Supp. 3d 1, 4 (D. Mass. 2020).

If the plaintiff meets her burden, "a rebuttable presumption arises that the physician would have heeded an adequate warning; (3) defendant must then come forward with sufficient evidence to rebut that presumption; and (4) once the presumption is rebutted, plaintiff must produce sufficient evidence to create a triable issue on the question of causation." Langlois v. Am. Med. Sys., Inc., 462 F. Supp. 3d at 4.

Here, Plaintiffs have alleged that Covidien knew or should have known that surgical

staplers had a history of malfunction since the early 1990s. Docket No. 4 ¶ 20. Hessler is an engineer who worked on the design of the EEA31 stapler. Plaintiffs contend that he is knowledgeable about the quality control systems of the EEA family of staplers. Docket Nos. 49 at 3; 54 at 3. Hessler, as someone involved in the design of the device at issue here and familiar with the quality control systems regarding the same, could give relevant testimony regarding the presence of a non-obvious risk about which Covidien knew or should have known. He could also speak to the warnings and instructions that Covidien provided or should have provided to Corrigan's surgeon. Moreover, Covidien has not shown that the deposition would be unduly burdensome. In light of the above, Covidien does not meet the good cause standard for a protective order preventing the deposition of Hessler.

    B.    <u>Worthen's Deposition</u>

Covidien implicitly concedes that testimony provided by Worthen is relevant. Covidien states that it has already agreed to provide a corporate representative at a Rule 30(b)(6) deposition to discuss the following:

> 1. Covidien's adverse event reporting procedures about the 31MM EEA™ Auto Suture™ Circular Stapler with DST Series™ Technology from 2015-2019;
>
> 2. Covidien's complaint handling process, including Covidien's policies and procedures for recording and reporting reportable events to regulatory bodies, for the 31MM EEA™ Auto Suture™ Circular Stapler with DST Series™ Technology from 2015 to 2019; and
>
> 3. Covidien's investigation regarding Brian Corrigan's Complaint.

Docket No. 49 at 4. Instead, Covidien argues that Worthen's testimony "would certainly overlap with these topics," and therefore Plaintiffs can obtain the same information from Covidien's Rule 30(b)(6) deponent in a less burdensome manner. <u>Id.</u> Plaintiffs respond that they anticipate that that Worthen

7

> will testify to trending aspects regarding Covidien's handling of adverse event reporting regarding the devices at issue. Trending is a process by which a company looks and analyzes field reports of device failure. It is one way a company determines the true failure rate of a device. Based upon an analysis of trending reports and costs impact to a company, a decision is made to take action to warn patients of product failures or do nothing.

Docket No. 54 at 6.

Cumulative or duplicative testimony may cause an undue burden. See Green v. Cosby, 152 F. Supp. 3d 31, 38 (D. Mass. 2015), modified on reconsideration, 160 F. Supp. 3d 431 (D. Mass. 2016)). However, the topic identified by Plaintiffs appears distinct from those contemplated in the Rule 30(b)(6) deposition topics. In addition, Covidien makes conclusory arguments regarding the general burden of deposing Worthen, but it fails to provide any evidence that it would be unduly so. Adversaries frequently and without undue burden may depose a Rule 30(b)(6) and a Rule 30(b)(1) deponent. See Cabi v. Bos. Children's Hosp., No. 15-CV-12306-DJC, 2017 WL 8232179, at *5 (D. Mass. June 21, 2017) (asking questions of a Rule 30(b)(6) deponent that were previously asked of a Rule 30(b)(1) deponent is not necessarily duplicative). Accordingly, Covidien has not shown good cause for a protective order preventing Worthen's deposition.

IV.     ORDER

For the foregoing reasons, this Court denies Covidien's motion. The depositions must occur within three weeks of the date of this order.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge